UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES BUSEY,

                Plaintiff,

  v.

WELLS FARGO BANK NA,

                Defendant.

CASE NO. 3:19-cv-05880-RJB-BAT

**ORDER GRANTING MOTION TO COMPEL**

Defendant Wells Fargo Bank NA ("Wells Fargo") seeks an order compelling Plaintiff James Busey to provide a privilege log and his Rule 26 Initial Disclosures. Wells Fargo also seeks its costs in bringing this motion. Dkt. 25.

The court finds that the motion to compel shall be granted and that Defendant is entitled to recover attorney's fees and costs incurred in bringing of this motion.

BACKGROUND

This case arises from Wells Fargo's alleged improper handling of bank accounts for two trust funds, the Busey Family Lopez Property Trust ("BFLIPT") and the Ann Busey Revocable Living Trust ("ABRLT") of which the Plaintiff, James Busey, was the co-trustee and successor trustee, respectively. Dkt. 1-1. Plaintiff alleges that due to Wells Fargo's improper handling of the accounts, he incurred damages in connection with a San Juan County Superior Court lawsuit

ORDER GRANTING MOTION TO COMPEL - 1

(*Mavin v. Busey*, No. 16-4-05055-5, the "State Case"), including fees and costs he incurred defending himself against allegations of embezzlement, fraud, and co-mingling of trust assets. *Id.*, ¶ IX. Plaintiff successfully defended the State Case, (*id.*, ¶¶ XI-XIII), and recovered his fees and costs in the State Case.

On September 26, 2019, Wells Fargo moved to dismiss the Complaint on collateral estoppel (and other) grounds. Dkt. 11. The Court granted Wells Fargo's motion in part, ruling "Plaintiff's claim in this case, for attorneys' fees and statutorily allowed costs (under state law) for defending the State Case, is barred by collateral estoppel." Dkt. 18, p. 14. The Court clarified, "To the extent that there are other fees or costs, those damages claims are not precluded". *Id*.

To determine the extent of such "other fees or costs", if any, Wells Fargo served its First Interrogatories and Requests for Production to Plaintiff on November 6, 2019. Dkt. 26, Declaration of Al Roundtree ("Roundtree Decl.") ¶ 2, Ex. A. Wells Fargo propounded only four foundational interrogatories, asking Plaintiff to identify and describe (1) the basis and nature of Plaintiff's damages, (2) what contract Wells Fargo allegedly breached, (3) the factual basis for plaintiff's negligent banking claim, and (4) potential witnesses. *See id*. Ex. A. Wells Fargo also propounded eight requests for production seeking documents related to Plaintiff's claimed damages, the factual basis for his claims, and the State Case. *Id*.

Plaintiff's answers, any objections, and document production were due on or around December 6, 2019. Plaintiff did not serve answers, objections, produce documents, or request an extension of time or otherwise contact defense counsel. *Id*. ¶ 2. In addition, Plaintiff's Rule 26 Initial Disclosures were due on December 18, 2019 and Plaintiff was directed to initiate a Rule 26 conference with Wells Fargo before December 11, 2019. Dkt. 10. Plaintiff did neither, although Wells Fargo served its initial disclosures on December 18, 2019. Dkt. 26, Roundtree

ORDER GRANTING MOTION TO COMPEL - 2

Decl. ¶¶ 3,4. To date, the parties have not participated in a discovery conference and to date, Plaintiff has not served his Rule 26 Initial Disclosures. *Id.*

On December 26, 2019, Wells Fargo filed a non-joint Status Report due to Plaintiff's failure to (i) schedule (or communicate in any way about) the Rule 26(f) conference, (ii) submit Rule 26(a)(1) initial disclosures, or (iii) seek an extension of any of the deadlines in the Court's September 26, 2019 Order (Dkt. 10), including the December 26 deadline for submission of the joint status report. Dkt. 20. After the court issued an Order to Show Cause, ordering Plaintiff to submit a joint status report by January 13, 2020, a Combined Joint Status Report was filed on January 13, 2020. Dkt. 22. In the Joint Report, Plaintiff states "Plaintiff anticipates submitting its [sic] initial disclosures on or before January 15, 2020." *Id*. at p. 2. In his response to the court's Order to Show Cause, Plaintiff stated: "Plaintiff is in the process of answering" Wells Fargo's First Interrogatories and Requests for Production and also repeated that "Plaintiff … will also be providing its [sic] Initial Disclosures on or before January 15, 2020." Dkt. 23, p. 1. Id. at p. 2.

At the time of filing the motion to compel, Plaintiff had done neither, despite efforts by Mr. Roundtree to confer with Plaintiff's counsel, Stuart Morgan. On December 20, 2019, Mr. Roundtree inquired about Plaintiff's missing Initial Disclosures and the Rule 26 conference. Dkt. 26, Roundtree Decl. Ex. C. On February 10, 2020, about a month after Plaintiff said he would provide his Initial Disclosures, Mr. Roundtree followed up again by email. *Id*. Ex. D. Mr. Morgan did not respond. *Id*. ¶ 7. On March 18, 2020, Wells Fargo's counsel again followed up by email. Id. Ex. E. Mr. Morgan did not respond. *Id*. ¶ 8. On April 28, 2020, Mr. Roundtree called Mr. Morgan's office line and left a voicemail. *Id*. ¶ 9. Mr. Roundtree received a text message in response from Mr. Morgan stating that he would call Mr. Roundtree to discuss Plaintiff's missing discovery, but he never did. *Id*. ¶ 9, Ex. F.

ORDER GRANTING MOTION TO COMPEL - 3

In response to the motion to compel, Plaintiff contends that Mr. Morgan's practice has been disrupted by the coronavirus pandemic, Plaintiff is "contemporaneously providing discovery responses," and Plaintiff desires to resolve the matter between counsel or through mediation. Dkt. 27, pp. 1, 5. In his declaration, Mr. Morgan states that Plaintiff's theories of liability were "laid bare" "in previous motion practice". Dkt. 28, ¶ 2.

On June 18, 2020, Plaintiff sent responses, discovery, and objections to Wells Fargo's first discovery and limited production of documents. Dkt. 30, Ex. A. Plaintiff did not include a privilege log or his Rule 26 Initial Disclosures. *Id.*

## DISCUSSION

"A party seeking discovery may move for an order compelling an answer, ... production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

The court is mindful of the effects the coronavirus pandemic has had on businesses in Washington, including law firms. However, Plaintiff's discovery responses and Rule 26 Initial Disclosures, along with Mr. Roundtree's repeated attempts to confer with Mr. Morgan, all occurred prior to Governor Inslee's "Stay Home, Stay Healthy" Order of March 24, 2020. Plaintiff provides no explanation for why his discovery was late or why he ignored communications from Wells Fargo, either before or after the pandemic. Had he properly conferred with defendant's counsel, perhaps the court could have been spared this motion.

Plaintiff also did not "contemporaneously" provide his responses to the outstanding discovery requests. Instead, he provided interrogatory answers and some documents three later, without a privilege log and to date, has still not served his Rule 26 Initial Disclosures.

ORDER GRANTING MOTION TO COMPEL - 4

Although Plaintiff states that he "desires to ultimately resolve this dispute between counsel [or] proceed to mediation" (Dkt. 27 p. 1), Wells Fargo informs the court that it has never received a demand or any other communication regarding settlement, despite Plaintiff stating such a demand would issue "shortly" over 5 months ago. Dkt. 22, ¶ 4(A). Plaintiff also does not explain to the court why a desire for settlement or theories stated in a prior briefing should abrogate his obligation to provide timely discovery.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection", including, "an objection that the information sought is privileged." *Arch Ins. Co. v. Safeco Ins. Co. of Am.*, No. C18-1591-JCC, 2019 WL 6617500, at *2 (W.D. Wash. Dec. 5, 2019) (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) and *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). By failing to timely respond, Plaintiff has waived any objection he may have had to the discovery requests. Fed. R. Civ. P. 33(b)(4) and 34(b)(2). In addition, Rule 37 specifically grants fees to the moving party "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5) (emphasis added).

Accordingly, it is **ORDERED:**

1) Wells Fargo's motion to compel (Dkt. 25) is **GRANTED;** Plaintiff shall serve Wells Fargo with a privilege log and his Rule 26 Initial Disclosures **by July 14, 2020.**

2) Plaintiff's objections to Wells Fargo's First Interrogatories and Requests for Production are **waived**;

3) Pursuant Fed. R. Civ. P. 37(a)(5), Plaintiff shall pay Wells Fargo its attorneys' fees and expenses incurred in bringing this motion to compel. Wells Fargo shall

ORDER GRANTING MOTION TO COMPEL - 5

submit a motion and affidavit detailing its fees and expenses within ten (10) days of the date of this Order for the Court to approve.

**DATED** this 7th day of July, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

ORDER GRANTING MOTION TO COMPEL - 6